IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF <br><br> JAYANT MUKUNDRAY PATEL | ) <br> ) <br> ) No. 08-MJ-430 <br> ) <br> ) <br> ) ORDER re: APPOINTMENT <br> ) OF COUNSEL <br> ) <br> ) <br> ) |

HUBEL, Magistrate Judge:

Dr. Jayant Patel was arrested on March 11, 2008, pursuant to an Extradition Complaint seeking his extradition from the United States to Australia. He was initially represented by the Federal Public Defender who represented him during an interview by United States Pretrial Services, during his first appearance before the Court, and during a March 18, 2008 release hearing.

Prior to the March 18, 2008 release hearing, the Federal Public Defender's Office advised the Court by letter of March 14, 2008, that, in its opinion, Dr. Patel did not qualify for court-appointed counsel and that he should be directed to retain a lawyer and he could be required to reimburse the Federal Public Defender's

1 - ORDER REGARDING APPOINTMENT OF COUNSEL

Office for the time and expenses it incurred after March 11, 2008. Private counsel, appearing on Dr. Patel's behalf for the limited purpose of asserting his right to appointed counsel, argues that contrary to the Federal Public Defender's assessment, Dr. Patel does qualify for court-appointed counsel under the Criminal Justice Act (CJA), 18 U.S.C. § 3006A. The government agrees with the Federal Public Defender's Office, arguing that Dr. Patel is not entitled to court-appointed counsel given his financial assets.

I accept Mr. Blackman's appearance for the limited purpose. There is no reason to preclude the respondent from having counsel for this limited purpose.

However, I agree with the Federal Public Defender and the government. The CJA requires appointment of counsel for "any person financially unable to obtain adequate representation[.]" 18 U.S.C. § 3006A(1).[1] "If at any time after the appointment of counsel" the Court determines that the "person is financially able to obtain counsel" or is able to make a partial payment, "it may terminate the appointment of counsel or authorize payment as provided in subsection (f), as the interests of justice may dictate." 18 U.S.C. § 3006A©).

At the initial appearance of the respondent on March 11, 2008, I appointed counsel for that initial hearing due to the obvious difficulty of getting retained counsel on such short notice for the hearing. I directed the Federal Defender's office to assist the respondent in filling out a financial affidavit regarding his

---

[1] For the purposes of this decision, I assume appointment of counsel is warranted in extradition proceedings. The government has provided any authority suggesting otherwise.

2 - ORDER REGARDING APPOINTMENT OF COUNSEL

qualification for appointed counsel. The government at that time stated that while it saw no legal basis for the appointment of counsel, it did not oppose the appointment of counsel. The government did request that the respondent submit an affidavit supporting his qualification financially for the appointment of counsel.

When the submitted affidavit did not resolve the court's concerns, further detail was requested from the respondent at the March 18, 2008 hearing and Mr. Blackman has assisted the respondent in supplying the court with the additional information. At that hearing the Federal Defender reiterated the position that, respondent did not qualify for appointed counsel and sought withdrawal from the case after the release hearing on March 18, 2008. Respondent wanted to proceed with the release hearing that day. I indicated at that hearing a preliminary inclination to deny the respondent appointed counsel on the basis of his ability to retain competent counsel to represent him in this extradition proceeding, but I agreed to accept further briefing on this subject from Mr. Blackman on the respondent's behalf and from the government. It is clear that the Federal Defender's office has not undertaken anything on the respondent's behalf to date beyond the initial appearance and preparation for and presentation of respondent's request for release from custody which was taken up at the March 18, 2008 hearing and is under advisement now.

I base my decision that the respondent does not qualify for appointed counsel on the fact that Dr. Patel has substantial assets in various investment accounts. The significant amount of money in his Individual Retirement Account (IRA) is certain to be many times

3 - ORDER REGARDING APPOINTMENT OF COUNSEL

the sum required for retention of counsel for the extradition proceedings.

Dr. Patel relies on United States v. Lexin, 434 F. Supp. 2d 836 (S.D. Cal. 2006), in support of his position that his IRA account should not be considered. I do not find the decision persuasive and I note it is not binding on this court. First, the Lexin court held that the defendants there were entitled to court-appointed counsel even considering all of the defendants' assets, including their IRAs. Id. at 840. This was presumably based on that court's belief that the costs of defense of all matters would be in excess of $1,500,000. The court proceeded to analyze the propriety of considering the IRAs only as part of its discussion regarding any partial payment obligation that it might assess against the defendants. Id. Thus, the court's holding that the IRAs should not be considered is properly treated as dicta in regard to any decision on the actual appointment of counsel.

Second, I reject the argument put forth in Lexin that because taxes are not assessed on IRA funds until the time of distribution, the funds are to be considered "future income" which should not, under The Guide to Judiciary Policies and Procedures ("The Guide"), be considered in the determination of whether an individual is entitled to court-appointed counsel. Simply because an IRA account (in a traditional IRA) is not taxed until those funds are withdrawn does not make the funds in that account "future income" in the sense contemplated by The Guide. The deposits into an IRA are, for most people, from past earned income. The income is "future" only in the sense of when it is taxed, not when the respondent comes into possession of it. There is no act by the IRA account holder

between the time of a deposit into the IRA and its later withdrawal that can be characterized as "earning" the money. Thus, it is inappropriate to consider the funds in the IRA account as "future income."[2] Respondent's other authorities regarding the IRA account are neither controlling, nor persuasive.

I conclude that considering the funds in Dr. Patel's IRA account is appropriate. While his withdrawal of funds before he reaches age 59½ may result in a penalty and withdrawal at any time subjects the funds to taxes if they went into the account tax free, the funds are nonetheless available to the respondent.

Additionally, even if I do not consider Dr. Patel's IRA, the financial information Dr. Patel provided to the Court indicates that he possesses an individual brokerage account, which is not characterized as a retirement account, in which he has a sizable amount of money. No argument has been made that this account should not be considered in the Court's assessment. It too appears sufficient by itself to retain counsel.

In making this determination, I have not needed to consider any other assets reported by Dr. Patel, nor have I considered his wife's separate assets or income. I have also not considered his ability to borrow against his IRA account or any other asset. The IRA and the non-retirement brokerage account provide more than sufficient assets from which Dr. Patel can retain counsel for this extradition proceeding. Dr. Patel's request for continued court-appointed counsel is denied.

---

[2] I note too, that the Lexin decision makes no mention of the possibility that the defendant may have a Roth IRA in which deposits into the IRA account are made with after-tax dollars.

5 - ORDER REGARDING APPOINTMENT OF COUNSEL

In his memorandum, counsel for respondent makes an argument regarding the importance of continuity of counsel and the importance of the relationship he established with Ms. Russell of the Federal Defender's office. In this regard I note several things. First, by asking for the affidavit to support his qualification for appointed counsel at the first hearing, I clearly indicated the importance that he qualify financially for appointed counsel. Respondent's answer when I asked if he could afford to retain counsel was hesitant.

Second, Ms. Russell made it clear at the hearing on March 18, 2008, that she had not made any efforts to begin preparation for the extradition hearing itself, but limited her efforts to preparing for the release hearing that day. Indeed, Mr. Wax, the Federal Defender, wrote the court on March 14, 2008, and copied respondent, indicating that the information he had reviewed suggested respondent could retain counsel on his own, and that he had advised Mr. Patel that the Defender would be recommending to the court that Mr. Patel be directed to attempt to retain counsel for the extradition proceeding. This letter also reminded the court and Mr. Patel that the court can order the CJA account to be reimbursed by Mr. Patel for the representation provided to date. The Defender took the position that any such reimbursement order should be limited to work after the day of the initial appearance March 11, 2008.

Thus, the representation by appointed counsel commenced with an acknowledged requirement that respondent must qualify for appointed counsel, and that he needed to submit financial information to demonstrate his qualification. The representation

continued for less than four days before the respondent was on notice the Federal Defender was recommending the court direct the respondent to retain his own lawyer. Continuity of representation on these facts is not sufficient to overcome the conclusion I reach that respondent can and should retain his own lawyer.

I grant the Federal Public Defender's request to withdraw as appointed counsel and order Dr. Patel to reimburse the CJA fund for the services of Assistant Federal Public Defender Susan Russell, after March 11, 2008, through March 18, 2008. Ms. Russell is ordered to submit, within two weeks of the date of this Order, an affidavit setting forth the time spent, the tasks performed, and the amount sought per hour, for reimbursement.

Dr. Patel has fourteen days from the date of Russell's filing, to file any objections to the amount sought or to the order allowing reimbursement herein.

IT IS SO ORDERED.

Dated this __28th__ day of __March__, 2008.

/s/ Dennis J. Hubel

Dennis James Hubel
United States Magistrate Judge

7 - ORDER REGARDING APPOINTMENT OF COUNSEL