IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| IN THE MATTER OF THE EXTRADITION OF | ) ) ) ) | No.  08-MJ-430 |
|---|---|---|
| JAYANT MUKUNDRAY PATEL | ) ) ) | ORDER re: RESPONDENT'S RELEASE |

HUBEL, Magistrate Judge:

On March 11 2007, Dr. Jayant Mukundray Patel was arrested at his residence in the Portland area.  His arrest was based on an extradition complaint from Australia.  His extradition is sought pursuant to 18 to U.S.C. § 3184, the extradition provisions in force between the United States and Australia signed on May 14, 1974, and the protocol amending the treaty on extradition between United States and Australia, signed on September 4, 1990.

Dr. Patel has been indicted on charges in Australia which include three counts of manslaughter, three counts of grievous bodily harm, two counts of negligent acts causing harm, seven counts of fraud, and one count of attempted fraud.  These charges all stem from his work as a physician in Queensland, Australia between the years 2003 and 2005.

1 - ORDER REGARDING RESPONDENT'S RELEASE

1    At a hearing on March 18, 2008, Dr. Patel sought his release
2  from custody pursuant to this Court's previously entered temporary
3  order of detention.  He sought to establish that he is neither a
4  flight risk, nor a danger to the community, and attempted to
5  establish special circumstances justifying his release during the
6  pendency of this extradition proceeding.  At his request, Assistant
7  Federal Defender Susan Russell represented Dr. Patel at the release
8  hearing.  The Court has subsequently determined that Dr. Patel does
9  not qualify for appointed counsel.

10                        APPLICABLE LAW

11    The federal extradition statute, 18 U.S.C. § 3181, provides no
12  explicit authority for a District Court to release a respondent on
13  bail.  Thus, release is generally not available in extradition
14  cases.  See Wright v. Henkel, 190 U.S. 40, 63 (1903).  The
15  presumption against bail or release is to ensure the ability of the
16  United States government to fulfill its obligation to the
17  requesting country to deliver its suspect at the conclusion of the
18  extradition preceding.  Id. at 62; see also Salerno v. United
19  States, 878 F.2d 317, 317 (9th Cir. 1989) (noting presumption
20  against bail in extradition cases).  Release on any conditions
21  provides an opportunity to abscond, potentially resulting in a
22  "serious embarrassment" to the country and creating the potential
23  reciprocal non-compliance by other countries.  Wright, 190 U.S. at
24  62.  In the extradition setting, national foreign policy interests
25  therefore may often outweigh the respondent's individual liberty
26  interests.  In re Extradition of Orozco, 268 F. Supp. 2d 1115,
27  1116-17 (D. Ariz. 2003).

28    The burden rests on the extradition respondent to show by

2 - ORDER REGARDING RESPONDENT'S RELEASE

clear and convincing evidence that he or she is neither a risk of flight, nor a danger to any other person in the community. <u>United States v. Ramnath</u>, 533 F.Supp 2d 662, 665 (E.D. Tex. 2008). Proof that an extradition respondent is not a flight risk is, without more, an insufficient ground for release on any conditions pending the extradition hearing. <u>Salerno</u>, 878 F.2d at 318. The respondent in an extradition proceeding must establish special circumstances favoring release. <u>Wright</u>, 190 U.S. at 63. In some jurisdictions, the special circumstances must be established by clear and convincing evidence. <u>In re Extradition of Gonzalez</u>, 52 F. Supp. 2d 725, 735 (W.D. La. 1999). Whether special circumstances have been established is left to the discretion of federal trial judges. <u>Id.</u> at 736. The court's limited power to grant release in cases involving foreign extradition "should be exercised only in the most pressing circumstances, and when the requirements of justice are absolutely peremptory[.]"    <u>In re Mitchell</u>, 171 F. 289, 289 (S.D.N.Y. 1909).

Later cases have recited many circumstances which a court may consider in evaluating whether the extradition respondent has established special circumstances justifying his or her release. Such circumstances include:

    1)    length of proceedings and detention;

    2)    the need to consult with counsel;

    3)    health of the respondent;

    4)    age of the respondent;

    5)    availability of release in the requesting jurisdiction;

    6)    likelihood of success in the extradition

3 - ORDER REGARDING RESPONDENT'S RELEASE

1    proceeding;

2    7)    likelihood    of    success    in    the    requesting

3    jurisdiction;

4    8)    deprivation    of    religious    practices    while

5    incarcerated;

6    9)    the nature of the respondent's alleged conduct; and

7    10)    the maximum and likely sentences in the charging

8    jurisdiction.

9    United States v. Garcia, 340 F.3d 1013, 1019-21 (9th Cir. 2003).

10                                    DISCUSSION

11    After considering these circumstances as presented in the

12    written briefs of the parties, and in the oral argument at the

13    hearing on March 18, 2008, I conclude that respondent should be

14    detained for the duration of these extradition proceedings, with

15    leave to request that this decision be reviewed after respondent

16    and counsel of his choosing have reviewed the materials submitted

17    by the government in support of the extradition complaint and which

18    the government plans to present at the extradition hearing.

19    While much of the evidence establishes that the respondent may

20    be unlikely to flee if released, no evidence has been presented

21    with respect to the likelihood of success in either the requesting

22    jurisdiction's criminal proceeding, or in this extradition

23    proceeding. The penalties which the respondent potentially faces

24    if extradited and convicted in Australia are substantial enough to

25    create a motive to flee. The respondent's arguments regarding the

26    motivation for the prosecution in Australia also suggest a motive

27    to flee. Certainly the respondent has more than sufficient assets

28    available with which to flee. Therefore, despite the tenor of much

4 - ORDER REGARDING RESPONDENT'S RELEASE

of the evidence suggesting that the respondent will not flee, the motivation and means to flee cannot be ignored.  Moreover, this Court does not have adequate information before it to eliminate or moderate the possibility that respondent could regain his Indian citizenship and potentially an Indian passport with which to travel.

Additionally, while respondent had difficulty obtaining a diet consistent with his religious practices when he was first incarcerated, the Court is advised that pursuant to the Court's Order, this problem has been remedied and respondent now receives appropriate meals on a regular basis.  The record to date does not suggest that these extradition proceedings need to be protracted.  No record has been made regarding a substantial difficulty for the respondent to consult with counsel.  The court has not been made aware of any health or age problems arguing for the respondent's release.

The Court has considered respondent's remaining arguments and finds that they do not singly or in combination, create special circumstances as required for release.  Therefore, special circumstances having not been established, and an equivocal record on flight risk, suggest that release should be denied.  Respondent may seek review of this decision if he has new information to present at a later time.

IT IS SO ORDERED.

Dated this   4th   day of  April, 2008.

/s/ Dennis J. Hubel

_____
Dennis James Hubel
United States Magistrate Judge

5 - ORDER REGARDING RESPONDENT'S RELEASE