IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN THE MATTER OF THE<br>EXTRADITION OF<br><br>JAYANT MUKUNDRAY PATEL | No. 08 MJ 430<br><br>CERTIFICATION OF<br>EXTRADITABILITY<br>AND ORDER OF COMMITMENT<br>(18 U.S.C. § 3184) |

The Court has received the Complaint filed on March 10, 2008, by Dwight C. Holton and Ethan D. Knight, Assistant United States Attorneys for the District of Oregon, for and on behalf of the Government of Australia, pursuant to that Government's request for the extradition of Dr. Jayant Mukundray Patel. The Court has also received an affidavit executed by Dr. Patel and witnessed by his attorney, Marc C. Blackman.

On June 26, 2008, Dr. Patel appeared before the Court in open session, accompanied by his attorney, and in the presence of the aforementioned Assistant United States Attorneys. The Court addressed Dr. Patel and is satisfied that he is aware of his rights as set forth in the affidavit of consent to extradition and that the affidavit was executed knowingly and voluntarily.

1 - CERTIFICATION OF EXTRADITABILITY

Inasmuch as Dr. Patel has conceded that he is extraditable on the charges for which extradition was requested, and has consented to a certification by this Court to that effect, the Court finds on the basis of the record herein and the representations of Dr. Patel and counsel that:

1.   the undersigned judicial officer is authorized under Title 18, United States Code, Section 3184, to conduct an extradition hearing;

2.   the Court has personal jurisdiction over Dr. Patel and subject matter jurisdiction over the case;

3.   there is currently in force an extradition treaty between the Government of the United States and the Government of Australia, signed at Washington on May 14, 1974 (TIAS 8234, 27 U.S.T 957), and the Protocol Amending the Treaty on Extradition between the United States of America and Australia, signed at Seoul on September 4, 1990 (1736 U.N.T.S. 344), (together referred to herein as "the Treaty");

4.   Dr. Patel has been charged in Australia with:

(A) manslaughter, for the unlawful killing of James Edward Phillips between May 18, 2003 and May 22, 2003 (in violation of sections 300 and 303 of the Queensland Criminal Code);

(B) manslaughter, for the unlawful killing of Mervyn John Morris between April 1, 2003 and June 15, 2003, (in violation of sections 300 and 303 of the Queensland Criminal Code);

(C) manslaughter, for the unlawful killing of Gerardus Wilhelmus Gosewinus Kemps between December 18, 2004 and December 22, 2004, (in violation of sections 300 and 303 of the Queensland Criminal Code);

(D) causing grievous bodily harm and negligent acts or omissions causing harm to Darcy Russel Blight on or about January 17, 2005 (in violation of Sections 328 and 320 of the Queensland Criminal Code); and causing grievous bodily harm and negligent acts or omissions causing harm to Darcy Russel Blight on or about between January 16, 2005 and April 1, 2005

2 - CERTIFICATION OF EXTRADITABILITY

(in violation of Sections 328 and 320 of the Queensland Criminal Code);

(E) causing grievous bodily harm to Ian Rodney Vowles between October 3, 2004 and April 1, 2005 (in violation of section 320 of the Queensland Criminal Code).

(F) seven charges of fraud and one charge of attempted fraud relating to PATEL's efforts to obtain and retain employment at the Bundaberg Base Hospital in Bundaberg, Australia, allegedly committed during the period December 19, 2002, and February 2, 2005, (in violation of sections 408C, 4, and 535 of the Queensland Criminal Code);

5.    these charges constitute extraditable offenses within the meaning of Article II of the Treaty;

6.    the requesting state seeks the extradition of Dr. Patel for trial for these offenses; and

7.    Dr. Patel has consented to extradition and the Court has reviewed that consent and the entire record, and finds that there is probable cause to believe that he committed the offenses set forth in paragraph 4 for which extradition is sought.

Based on the foregoing findings, the Court concludes that Dr. Patel is extraditable for the offenses for which extradition was requested as set forth in paragraph 4 above, and certifies this finding to the Secretary of State as required under Title 18, United States Code, Section 3184.

IT IS THEREFORE ORDERED that the Clerk of the Court deliver to the United States Attorney a certified copy of this Certification of Extraditability and the executed Affidavit of Consent to Extradition and, further, that the Clerk forward certified copies of the same to the Secretary of State (to the attention of the Legal Adviser) and the Director, Office of International Affairs, Criminal Division, U.S. Department of Justice, in Washington, D.C.,

3 - CERTIFICATION OF EXTRADITABILITY

for the appropriate disposition.

IT IS FURTHER ORDERED that Dr. Patel be committed to the custody of the United States Marshal pending final disposition of this matter by the Secretary of State and arrival of agents of the requesting state, except that he will be released to the custody of Pretrial Services officers for transportation to scheduled medical appointments for his annual physical examination and follow-up with his cardiologist; and, if this matter has not been finally concluded by action of the Secretary of State and transfer of Dr. Patel to agents of the requesting state by July 21, 2008, Pretrial Services will begin processing Dr. Patel for release on the following conditions:

1.  Report as directed by the U.S. Pretrial Services Office;

2.  Dr. Patel shall be monitored by GPS Monitoring and shall abide by all the requirements for use of the GPS Monitoring program. Dr. Patel is restricted to his residence at all times except for the following, all of which must be scheduled and the schedule approved by the Court in advance: (1) one religious service per week, on Sunday; (2) medical visits and treatment; and (3) court appearances;

3.  No change of place of residence without the prior approval of the Court;

4.  Travel is limited to routes within Multnomah and Washington Counties as necessary for the three purposes listed above. Routes will be approved by Pretrial

4 - CERTIFICATION OF EXTRADITABILITY

1   Services in consultation with the Court and monitored by

2   GPS;

3   5.   Dr. Patel must surrender his passport to the Clerk of the

4   Court.  He is not to apply for or obtain a new passport,

5   nor request travel documents from any government;

6   6.   Dr. Patel is to pay a percentage of all fees for services

7   obtained while under Pretrial Services supervision;

8   7.   Dr. Patel shall return to the custody of the United

9   States Marshal on August 25, 2008, or within 48 hours

10   prior to the departure of the officials of the requesting

11   state on their trip to take custody of Dr. Patel.  The

12   United States Attorney for the District of Oregon shall

13   notify the Court and counsel for Dr. Patel of the

14   anticipated departure at least 48 hours before it occurs,

15   consistent with the separately entered Order on Respondent's

16   Renewed Release Motion, filed on June 27, 2008.

17   Jayant Mukundray Patel will be transferred to the custody of

18   the agents of the requesting state at such time and place as

19   mutually agreed upon by the United States Marshal and the duly

20   authorized representatives of the Government of Australia to be

21   transported to Australia.

22   IT IS SO ORDERED.

23

24   Dated this 27th day of June, 2008.

25

26                               /s/ Dennis J. Hubel

27                               _____
                                Dennis James Hubel
                                United States Magistrate Judge
28                               District of Oregon

5 - CERTIFICATION OF EXTRADITABILITY